# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENEDICT BATO, | 1:10-cv-02205-AWI-SMS (HC) |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| J.D. HARTLEY, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on November 29, 2010. Petitioner challenges the California court decisions upholding an November 5, 2009, decision of the California Board of Parole Hearings. Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released.

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), *rev'd*, Swarthout v. Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit

1 instructed reviewing federal district courts to determine whether California's application of
2 California's "some evidence" rule was unreasonable or was based on an unreasonable
3 determination of the facts in light of the evidence. Hayward v. Marshall. 603 F.3d at 563;
4 Pearson v. Muntz, 606 F.3d at 608.

5  On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v.
6 Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  In Swarthout, the
7 Supreme Court held that "the responsibility for assuring that the constitutionally adequate
8 procedures governing California's parole system are properly applied rests with California
9 courts, and is no part of the Ninth Circuit's business."  The federal habeas court's inquiry into
10 whether a prisoner denied parole received due process is limited to determining whether the
11 prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons
12 why parole was denied." Id., *citing*, Greenholtz v. Inmates of Neb. Penal and Correctional
13 Complex, 442 U.S. 1, 16 (1979).  Review of the instant case reveals Petitioner was present at his
14 parole hearing, was given an opportunity to be heard, and was provided a statement of reasons
15 for the parole board's decision. (See Pet. Ex. A.)  Per the Supreme Court, this is "the beginning
16 and the end of the federal habeas courts' inquiry into whether [the prisoner] received due
17 process." Swarthout, 2011 WL 197627.  "The Constitution does not require more [process]."
18 Greenholtz, 442 U.S. at 16. Therefore, the instant petition does not present cognizable claims for
19 relief and should be denied.

## RECOMMENDATION

21  Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas
22 corpus be DENIED with prejudice.

23  This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii,
24 United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)
25 and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District
26 of California.

27  Within thirty (30) days after date of service of this Findings and Recommendation, any
28 party may file written objections with the Court and serve a copy on all parties.  Such a document

should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after date of service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 3, 2011**                             /s/ Sandra M. Snyder
                                                                    UNITED STATES MAGISTRATE JUDGE

3